1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   MARIA LOPEZ,                          )   1: 08-CV- 889 AWI TAG
                          Plaintiff,       )
                                           )   ORDER GRANTING MOTION TO
12       v.                                )   DISMISS AND DISMISSING
                                           )   DEFENDANT WASCO STATE
13   WASCO STATE PRISON,  P. L.            )   PRISON WITHOUT LEAVE TO
     VAZQUEZ,, and DOES 1 to 100,          )   AMEND AND WITH PREJUDICE
14                                         )
                          Defendant.       )   (Document #18)
15   _____)

16

17        This action is brought by Plaintiff Maria Lopez, and it stems from the death of her son,

18   Victor Lopez ("Decedent Victor"), while he was an inmate at Wasco State Prison.  This court has

19   jurisdiction over Plaintiff's civil rights cause of action pursuant to 28 U.S.C. § 1331 and

20   supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Venue is

21   appropriate pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in

22   the Fresno Division of the Eastern District of California.

23                                  **BACKGROUND**

24        On April 22, 2008, Plaintiff Maria Lopez filed a complaint in the California Superior

25   Court for the County of Kern.   The complaint names Wasco State Prison ("Defendant Wasco"),

26   P.L. Vazquez ("Defendant Vazquez"), and Does 1 to 100 as Defendants.

27        After being served with the complaint, on June 23, 2008, Defendant Vazquez removed

28   this action to this court.  The notice of removal states that Defendant Vazquez is represented by

Deputy Attorney General for the State of California, Debbie J. Vorous, ("California Attorney General").  In the notice of removal, Defendant Vazquez states that she received a copy of the summons and complaint on June 3, 2008.

On August 27, 2008, Plaintiff filed an amended complaint.   The amended complaint names Defendant Wasco, the Department of Corrections ("Defendant CDC"), the State of California ("Defendant California"), Defendant P.L. Vasquez ("Defendant Vasquez"), Defendant Maria Chavez ("Defendant Chavez"), Defendant Bradley Choate ("Defendant Choate"), and Does 1 through 100 as Defendants. The first cause of action alleges that all Defendants violated 42 U.S.C. § 1983 by being deliberate indifferent in violation of the Fifth and Fourteenth Amendments.   The second cause of action alleges that Defendants Wasco, Defendant CDC, and the Defendant California created dangerous conditions of public property based on the construction of Decedent Victor Lopez's cell.   The third cause of action alleges Defendant Vasquez and Does 1 to 100 abused and neglected a dependant adult in violation of Welfare and Institutions Code § 15600 by failing to provide reasonable medical care for Decedent Victor Lopez.   The fourth cause of action alleges that Defendant Chavez and Choate violated California Government Code § 820 and § 820.25 when they failed to administer life saving measures by continuing CPR.   The fifth cause of Action alleges that all individually named Defendants are liable for Decedent Victor's wrongful death in violation of California Civil Code § 377.60.

On October 8, 2008, Defendant Wasco filed a motion to dismiss.   Defendant Wasco contends that this court lacks jurisdiction because Defendant Wasco is immune pursuant to the Eleventh Amendment.   Defendant Wasco also contends that Plaintiff failed to comply with the California Government Claims Act, and Defendant Wasco is immune from liability.   Defendant Wasco provides evidence in the form of Defendant Wasco's attorney, the California Attorney General.   The California Attorney General states under penalty of perjury that she is the attorney representing both Defendant Wasco and Defendant Vazquez.   The California Attorney General further states that the Office of the Attorney General accepted service of the first amended

2

1   complaint on behalf of Defendant Wasco on September 2, 2008, after removal.

2       On November 14, 2008, Plaintiff filed a reply.  Plaintiff contends that Defendant Wasco

3   waived its Eleventh Amendment immunity because the California Attorney General removed this

4   action, and as such, he waived Eleventh Amendment immunity.   Plaintiff also contends that she

5   fully complied with the tort claims act and Defendant Wasco is not immune.

6       On December 3, 2008, Defendant Wasco filed a reply.

7                           **LEGAL STANDARDS**

8   **A.  Rule 12(b)(1)**

9       Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack

10  of subject matter jurisdiction.  It is a fundamental precept that federal courts are courts of limited

11  jurisdiction.  Limits upon federal jurisdiction must not be disregarded or evaded.  <u>Owen</u>

12  <u>Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978).  The plaintiff has the burden to

13  establish that subject matter jurisdiction is proper.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S.

14  375, 377 (1994).  This burden, at the pleading stage, must be met by pleading sufficient

15  allegations to show a proper basis for the court to assert subject matter jurisdiction over the

16  action.  <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); Fed. R. Civ. P.

17  8(a)(1).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  <u>Safe Air for Everyone</u>

18  <u>v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).

19      A defendant may attack the existence of subject matter jurisdiction based on facts outside

20  pleadings.  <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000).  "[I]n a factual attack, the

21  challenger disputes the truth of the allegations that, by themselves, would otherwise invoke

22  federal jurisdiction."  <u>Safe Air</u>, 373 F.3d at 1039.  Once the moving party has converted the

23  motion to dismiss into a factual motion by presenting affidavits or other evidence properly

24  brought before the court, the party opposing the motion must furnish affidavits or other evidence

25  necessary to satisfy its burden of establishing subject matter jurisdiction. <u>Safe Air</u>,  373 F.3d at

26  1039; <u>Savage v. Glendale Union High School, Dist. No. 205, Maricopa County</u>, 343 F.3d 1036,

27

28                                3

1040 n.2 (9th Cir. 2003).   In resolving a factual attack on jurisdiction, the district court may

review evidence beyond the complaint without converting the motion to dismiss into a motion

for summary judgment. <u>Safe Air</u>, 373 F.3d at 1039.  "No presumptive truthfulness attaches to

plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court

from evaluating for itself the merits of jurisdictional claims." <u>Thornhill Publishing</u>, 594 F.2d at

733.  However, in the absence of a full-fledged evidentiary hearing, disputed facts should be

resolved in favor of the non-moving party.  <u>Rhoades v. Avon Products, Inc.</u>, 504 F.3d 1151, 1156

(9th Cir. 2007); <u>Dreier v. United States</u>, 106 F.3d 844, 847 (9th Cir. 1996); <u>Greene v. United</u>

<u>States</u>,  207 F.Supp.2d 1113, 1119 (E.D.Cal. 2002).

**B.  Rule 12(b)(6)**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

Procedure for "failure to state a claim upon which relief can be granted".   Fed.R.Civ.Pro.

12(b)(6).   A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal

theory or the failure to allege sufficient facts under a cognizable legal theory.  <u>Balistreri v.</u>

<u>Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990); <u>Robertson v. Dean Witter Reynolds,</u>

<u>Inc.</u>, 749 F.2d 530, 533-34 (9th Cir.1984).   In considering a motion to dismiss, the court must

accept as true the allegations of the complaint in question, construe the pleading in the light most

favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.

<u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976); <u>Jenkins v. McKeithen</u>,

395 U.S. 411, 421 (1969); <u>Broam v. Bogan</u>, 320 F.3d 1023, 1028 (9th Cir. 2003).

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), the complaint need not

contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief

that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, – U.S. – , 127 S.Ct. 1955, 1974

(2007); <u>Weber v. Department of Veterans Affairs</u>, 512 F.3d 1178, 1181 (9th Cir. 2008).   The

complaint's factual allegations "must be enough to raise a right to relief above the speculative

level."  <u>Twombly</u>, 127 S.Ct. at 1964-65.   Federal Rule of Civil Procedure 8(a)(2) requires a

4

"showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief.  Id. at 1965 n. 3.

**ALLEGED FACTS**

The amended complaint alleges that on November 20, 2006, Decedent Victor was received at Defendant Wasco from Ventura County as a parole violator returning to custody.  The amended complaint alleges that Decedent Victor was single celled because of his violent past behavior.  The amended complaint alleges that Decedent Victor was a participant in the Mental Health Delivery System at the Enhanced Outpatient level of care.   The amended complaint alleges that on January 21, 2007, at about 11:10. a.m., the mental health staff examined Decedent Victor because he was displaying bizarre and unhygienic behavior.   The amended complaint alleges that Decedent Victor was then cleared for placement back into cell 228 on single cell status.   The complaint alleges that on January 22, 2007, at about 1:58 p.m., Floor Officer S. Thompson was making an initial security check of her assigned post.   The complaint alleges that when Officer Thompson came to cell 228 she saw Decedent Victor hanging from the light fixture by his neck with what appeared to be a state issued laundry bag.   The amended complaint alleges that Officer Thompson activated the building's personal alarm system and verbally notified Control Officer A. LeMay what she found.   The amended complaint alleges that Officers Pierce, Mack, and Lopez responded.   The amended complaint alleges that the officers entered the cell and released the laundry bag and carried Decedent Victor out of his cell.   The amended complaint alleges that Officer Pierce gave immediate ventilation and Medical Technical Assistant M. Chavez began chest compressions.   The amended complaint alleges that Decedent Victor was carried to the Correctional Treatment Center's Triage and Treatment Area by Officer Lopez, Officer Choate, and Sergeant R. Figuaeroa.  The amended complaint alleges that Medical Technical Assistants M. Chavez and Officer Choate did not continue CPR while Decedent Victor was being transported on the gurney to the Correctional Treatment Center's Triage and Treatment Ares.  The amended complaint alleges that it took 33 minutes, from 1:59 p.m until

2:31 p.m., for Decedent Victor to be placed in an ambulance.   The amended complaint alleges that Decedent Victor was transported to Delano Regional Medical Center, and at 3:00 p.m., Dr. Marcus Lee pronounced Decedent Victor dead.

## DISCUSSION

Defendant Wasco alleges the court lacks jurisdiction over the amended complaint's allegations against Defendant Wasco because Defendant Wasco is entitled to Eleventh Amendment immunity.   Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts, and a sovereign can assert immunity at any time. California v. Deep Sea Research, Inc., 523 U.S. 491, 502 (1998);  Edelman v. Jordan, 415 U.S. 651, 677-78 (1974); Cook v. AVI Casino Enterprises, Inc., – F.3d – , 2008 WL 4890167, *5, (9th Cir. 2008);  In re Jackson,184 F.3d 1046, 1048 (9th Cir. 1999); Gilliam v. California, Department of Corrections and Rehabilitation, 2008 WL 3551188, *1 (E.D.Cal. 2008).

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993)  The Eleventh Amendment also bars suits against a state's agencies.  See Puerto Rico Aqueduct, 506 U.S. at 144; Brook, 951 F.2d at 1053; Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  The California Department of Corrections is entitled to Eleventh Amendment immunity. Brown v. California Dept. of Corrections, 2008 WL 4280129, *1 (9th Cir. 2008).  In addition, California prisons are entitled to Eleventh Amendment immunity.  Keel v. California Dept. of Corrections and Rehabilation,  2006 WL 1523121, *2 (E.D.Cal. 2006).   Thus, Defendant Wasco is entitled to Eleventh Amendment immunity.

Congress did not waive or abrogate Eleventh Amendment immunity when enacting 42 U.S.C. § 1983.  McConnell v. Critchlow, (9th Cir. 1981) (citing Quern v. Jordan, 440 U.S. 332, 338 (1979)); Collins v. California, 2007 WL 120005, *2 (E.D.Cal. 2007).   And, the State of

1   California has not waived its Eleventh Amendment immunity with respect to claims brought

2   under Section 1983 in federal court. Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir.

3   1999) (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)).   Thus, the court

4   must dismiss Defendant Wasco from the Section 1983 cause of action.

5          The Eleventh Amendment "precludes the adjudication of pendent state law claims against

6   nonconsenting state defendants in federal courts." Cholla Ready Mix, Inc. v. Civish, 382 F.3d

7   969, 973 (9th Cir. 2004); McElroy ex rel. McElroy v. Tracy Unified School Dist., 2008 WL

8   5045952, *9 (E.D.Cal. 2008).   The State of California has not waived its immunity because it

9   has consented to be sued in some circumstances under the California Tort Claims Act See Cal.

10  Gov't.Code § 810 et. seq..  California's consent to be sued in tort, under the California Tort

11  Claims Act, is intended to apply only to actions in the state courts.  Riggle v. Cal., 577 F.2d 579,

12  586 (9th Cir. 1978).  The State of California has not waived its immunity to suits in federal courts

13  through the passage of the California Tort Claims Act.  Riggle, 577 F.2d at 586;  Hagan v.

14  California Forensic Medical Group, 2008 WL 341638, *2 n 4. (E.D. Cal. 2008); Johansen v. San

15  Diego Police Dept., 2007 WL 2406902, *2 (S.D.Cal.  2007); Collins v. California, 2007 WL

16  120005, *2 (E.D.Cal. 2007); Annamaria M v. Napa Valley Unified School Dist., 2006 WL

17  1525733, *6 (N.D.Cal. 2006).   Thus, the court must dismiss Defendant Wasco from the state

18  causes of action.

19         In her opposition, Plaintiff appears to concede that the Eleventh Amendment does, in

20  general, bar claims against California, its agencies, and its prisons.   Instead, Plaintiff contends

21  that Defendant Wasco voluntarily agreed to waive its Eleventh Amendment immunity when the

22  California Attorney General, on behalf of Defendant Vazquez, removed this action to this court.

23  The Supreme Court has long held that where a "State voluntarily becomes a party to a cause and

24  submits its rights for judicial determination, it will be bound thereby and cannot escape the result

25  of its own voluntary act by invoking the prohibitions of the Eleventh Amendment." Lapides v.

26  Board of Regents of University System of Georgia, 535 U.S. 613, 619 (2002) (quoting Gunter v.

27

28                                                    7

1     <u>Atlantic Coast Line R. Co.</u>, 200 U.S. 273, 284 (1906)).   If a state, or state agency, is named as a

2     defendant in a state court proceeding and voluntarily agrees to have the case removed to federal

3     court, the state has voluntarily invoked the federal court's jurisdiction and waived immunity.

4     <u>Lapides</u>, 535 U.S. at 620.   By removing the case to federal court, the State waives its Eleventh

5     Amendment immunity from suit in federal court, including the claims asserted in the original

6     complaint, state law claims, and future claims amendment of the complaint.   <u>Embury v. King</u>,

7     361 F.3d 562, 564-65 (9th Cir. 2004).   However, a state does not waive its Eleventh Amendment

8     immunity if a private plaintiff involuntarily brought the State or agency into federal court.

9     <u>Lapides</u>,  535 U.S. at 622.

10        This case brings up the unique situation where the California Attorney General removes

11     an action from state court on behalf of a one party but not on behalf of a state agency, who is

12     later served with the complaint.   The Supreme Court "consistently has found a waiver when a

13     State's attorney general, authorized to bring a case in federal court, has voluntarily invoked that

14     court's jurisdiction." <u>Lapides</u>,  535 U.S. at 622.   However, the California Attorney General

15     removed this action on behalf of only Defendant Vazquez prior to Defendant Wasco being

16     served.  California law requires that a suit against California or a California agency be served on

17     the California Attorney General.  Cal.Gov't Code § 955.4(a).    Thus, the issue is whether the

18     California Attorney General can remove a case to federal court as part of his representation of an

19     individual defendant, knowing that a state agency is a named but unserved defendant, without

20     waiving Eleventh Amendment Immunity as to the unserved state agency.

21        The rule that all defendants must join in a removal only applies to defendants properly

22     joined and served in the action.  <u>Salveson v. Western States Bankcard Ass'n</u>, 731 F.2d 1423,

23     1429 (9th Cir.1984), *superceded in unrelated part by statute as stated in* <u>Ethridge v. Harbor</u>

24     <u>House Rest.</u>, 861 F.2d 1389 (9th Cir.1988); <u>Rodriguez v. County of Stanislaus</u>, 2008 WL

25     4765110, *3 (E.D.Cal. 2008); <u>Marshall v. Cargill, Inc.</u>, 2008 WL 2543210, *2 n.2 (N.D.Cal.

26     2008).  Because Defendant Wasco was not formally served until August 27, 2008, its joinder was

27

28                                    8

1  not necessary for removal.   The California Attorney General may have been aware of this suit

2  against Defendant Wasco because it had a copy of the complaint, as part of its representation of

3  Defendant Vazquez.   However, the Supreme Court has made clear that an "entity named as a

4  defendant is not obliged to engage in litigation unless notified of the action, and brought under a

5  court's authority, by formal process."  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526

6  U.S. 344, 347 (U.S. 1999); Piazza v. EMPI, Inc., 2008 WL 590494, *7 (E.D.Cal. 2008).  "In the

7  absence of service of process (or waiver of service by the defendant), a court ordinarily may not

8  exercise power over a party the complaint names as defendant."  Murphy Bros., Inc., 526 U.S. at

9  350.  An agency only becomes a party officially, and is required to take action, upon service of a

10  summons stating the time within which the party served must appear and defend – A courtesy

11  copy of a complaint is not sufficient.  See  Murphy Bros., Inc.,  526 U.S. at 350.

12          Because Defendant Wasco had not engaged in litigation at the time of removal, the

13  removal did not waive Defendant Wasco's Eleventh Amendment rights.   It does not follow that

14  the mere fact the California Attorney General represents both Defendant Vazquez and Defendant

15  Wasco means that any action the California Attorney General takes on behalf of Defendant

16  Vazquez is also being taken on behalf of Defendant Wasco.   Here, Defendant Wasco was not

17  served at the time of removal and the notice of removal clearly states the removing party is only

18  Defendant Vazquez.  Thus, the court does not find that Defendant Wasco has waived its Eleventh

19  Amendment immunity to this action.

20                                          **ORDER**

21          Accordingly, Defendant Wasco's motion to dismiss is GRANTED and Defendant Wasco

22  is DISMISSED from this action with prejudice and without leave to amend.

23

24  IT IS SO ORDERED.

25  **Dated:   December 19, 2008**                    **/s/ Anthony W. Ishii**
26                                          CHIEF UNITED STATES DISTRICT JUDGE

27

28                                          9