# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LOPEZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>WASCO STATE PRISON, et al.,<br><br>        Defendants. | Case No. 1:08-cv-00889-AWI-TAG<br><br>**AMENDED SCHEDULING ORDER**<br><br>Deadline to File Motion<br>to Amend Complaint; and<br>Deadline to Dismiss Does:  4/13/2009<br><br>Initial Expert Disclosure<br>Deadline:  11/2/2009<br><br>Supplemental Expert<br>Disclosure Deadline:  11/13/2009<br><br>Discovery Deadline:<br>Non-Expert:  10/16/2009<br>Expert:  12/16/2009<br><br>Non-Dispositive Motion<br>Filing Deadline:  12/16/2009<br>Hearing Date:  1/11/2010<br><br>Dispositive Motion<br>Filing Deadline:  1/15/2010<br>Hearing Date:  2/22/2010<br><br>Settlement Conference<br>Date:  11/12/2009<br><br>Pretrial Conference<br>Date:  4/23/2010, 8:30 a.m., AWI<br><br>Trial Date:  6/8/2010, 8:30 a.m., AWI<br>      (Jury Trial: 7-10 days) |

**I.  Date of Further Scheduling Conference**

March 12, 2009.

**II.  Appearances of Counsel**

Attorney David Michael Feldman appeared telephonically on behalf of Plaintiff Maria Lopez.  Attorney Vickie Whitney appeared telephonically on behalf of Defendants P.L. Vasquez ("Vasquez"), Maria Chavez ("Chavez"), and Bradley Choate ("Choate").

**III.  The Pleadings**

**A.  Summary of the Case**

This case arises out of the suicide of Plaintiff's son, Victor Lopez ("Decedent"), on January 22, 2007.  The Decedent hanged himself from the light fixture in his prison cell at Wasco State Prison ("WSP").

Plaintiff's claims include a federal civil rights claim and state law claims for abuse and neglect of a dependent adult, negligence, wrongful death, and the operation of a prison cell that resulted in a dangerous condition.  Defendant Vasquez denies that she caused the Decedent's suicide, and asserts the following affirmative defenses: qualified immunity, Plaintiff's failure to comply with the California Government Claims Act, and Plaintiff's failure to state facts sufficient to state a claim for punitive damages.

Defendant WSP filed a motion to dismiss on the grounds that it was immune from suit under the Eleventh Amendment, that Plaintiff failed to comply with the California Government Claims Act, and that it was immune from liability under California Government Code § 844.6.  On December 22, 2008, Defendant WSP's motion to dismiss was granted, and WSP was dismissed from the case with prejudice and without leave to amend.

On February 9, 2009, Defendants Chavez and Choate filed a motion to dismiss for insufficient service and seeking in the alternative an order quashing Plaintiff's proof of service. The motion currently is pending, and Plaintiff's counsel reported that Plaintiff is contemplating dismissing Defendants Chavez and Choate from the action in any event.

///

///

**B. Proposed Amendments to the Pleadings**

1. <u>Stipulation to dismiss Chavez and Choate as defendants</u>

In the event Plaintiff decides to dismiss Defendants Chavez and Choate from this action by way of stipulations, the stipulation shall be filed no later than Monday, March 16, 2009.

2. <u>Deadline to amend complaint to name additional defendants and dismiss remaining Doe defendants</u>

Plaintiff's counsel has twice reported that he intends to amend the complaint to name additional Doe defendants, including at least one psychiatrist, and psychiatric nurses and psychiatric technicians. However, Plaintiff has failed to do so to date, and has failed to propound discovery in that regard. Accordingly, the Court will set a deadline for Plaintiff to file a motion or a stipulation to amend the complaint to name any additional defendants and to cause all remaining Doe defendants to be dismissed from this action. Plaintiff shall have to and including April 13, 2009, to file a motion or a stipulation to amend the complaint to name any additional defendants and to cause all remaining Doe defendants to be dismissed from this action.

**IV. Factual Summary**

**A. Uncontested Facts**

1. Defendant Vasquez is the Warden at WSP.

2. On November 20, 2006, the Decedent arrived at the WSP Reception Center from Ventura County as a Parole Violator Return to Custody.

3. The Decedent had a history of mental illness and treatment; he participated in the Enhanced Outpatient Program at WSP.

4. On January 21, 2007, a WSP mental health provider saw the Decedent after he displayed bizarre and unhygienic behavior.

5. The mental health provider advised the Decedent to comply with his medications and upkeep his hygiene, and the Decedent agreed to do both.

6. The mental health provider then cleared the Decedent for return to his prison cell.

7. On January 22, 2007, during a routine check, staff discovered the Decedent hanging from the light fixture in his cell.

8. Defendants Chavez and Chavez responded to a call for help, and were among those who transported the Decedent by gurney to an on-site medical facility.

9. The Decedent died on January 22, 2007.

**B.    Contested Facts**

1. The stage of the Decedent's mental illness while housed at WSP.

2. The mental health care the Decedent received while housed at WSP.

3. Defendant Vasquez's actions and/or omissions concerning the operation of WSP and the health and safety of inmates at WSP.

4. Whether Defendants Chavez and Choate were in a position to resuscitate the Decedent during transport, whether they failed to resuscitate him, and if so, whether such failure was the cause of his death.

**V.    Legal Summary**

**A.    Uncontested Legal Issues**

1. Jurisdiction.

2. Venue.

3. Plaintiff's civil rights claim alleges deprivation of substantive due process under 42 U.S.C. § 1983 in violation of the Fourteenth Amendment.

4. Plaintiff's state law claim for abuse and neglect of a dependent adult arises under California Welfare and Institutions Code § 15600 et seq.

5. Plaintiff's state law claim for wrongful death arises under California Government Code § 820.

6. Plaintiff's state law claim for dangerous condition of public property arises under California Government Code § 835.

**B.    Contested Legal Issues**

1. Whether Defendant Vasquez is entitled to qualified immunity from suit under 42 U.S.C. § 1983.

2. Whether Defendant Vasquez is immune from liability under California Government Code §§ 820.2 and 820.8.

3. Whether Defendant Vasquez is liable under 42 U.S.C. § 1983 premised solely on a theory of vicarious liability.

4. Whether Defendant Vasquez is liable under 42 U.S.C. § 1983 premised on alleged violations of the Fifth and Fourteenth Amendments.

5. Whether any mandatory duty was owed to the Decedent, and if so, whether it was breached.

6. The scope of Plaintiff's claim submitted under the Government Claims Act.

7. The remedies available to Plaintiff in this action.

8. Whether Plaintiff has legal standing to prosecute this action.

## VI. Status of Matters Pending Before the Court

The motion to dismiss filed by Defendants Chavez and Choate is pending before the Court.

## VII. Consent to Magistrate Judge Jurisdiction

Not all of the parties have consented to allow this action to be assigned for all purposes, including trial, to the Honorable Theresa A. Goldner, United States Magistrate Judge. Consequently, all future pleadings and/or correspondence must be numbered as:

**1:08-cv-00889-AWI-TAG**

The parties are advised that use of an incorrect case number, including the judges' initials, may result in a delay of documents being processed and copies thereof being correctly distributed, received, and/or calendared by the appropriate judicial officer or staff.

## VIII. Discovery Plan and Cut-Off Dates

### A. Initial Disclosures

The parties are ordered to exchange all initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before December 12, 2008.

### B. Non-Experts

The parties are ordered to complete all discovery pertaining to non-experts on or before October 16, 2009.

///

///

**C. Experts**

The parties are ordered to complete all discovery pertaining to experts on or before December 16, 2009.

**D. Expert Disclosure**

The parties are ordered to disclose all expert witnesses, in writing, on or before November 2, 2009, and to disclose all supplemental expert witnesses, in writing, on or before November 13, 2009. The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

**E. Expert Discovery Rules**

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery pertaining to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

**IX. Pretrial Motion Schedule**

All nondispositive pretrial motions, including without limitation, all discovery motions, shall be filed on or before December 16, 2009, and will be heard no later than Monday, January 11, 2010, at 9:00 a.m. before the assigned Magistrate Judge, in the United States District Court Courtroom at 1300 18th Street, Suite A, Bakersfield, CA, 93301. **Counsel must comply with Local Rule 37-251 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar**.

In scheduling such motions, the assigned Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-144(e). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 37-251.

Counsel may appear, and argue nondispositive motions, telephonically, provided a written request to appear is made to the assigned Magistrate Judge's Courtroom Deputy, no later than five

(5) court days prior to the noticed hearing date.  If two or more attorneys request to appear telephonically, then it shall be the obligation and responsibility of the moving party(ies) to make prior arrangements for the conference call with an AT&T operator IF counsel do not have conference call capabilities on their telephone systems, and to initiate the call to the Court.  Counsel may also appear telephonically through Court Call, provided they make appropriate advance arrangements through Court Call.  Questions related to Court Call procedures may be directed to Courtroom Deputy Alan Leon Guerrero by telephone at 661-326-6620 or by email at: aleonguerrero@caed.uscourts.gov.

All **dispositive** pretrial motions shall be filed no later than January 15, 2010, and will be heard no later than Monday, February 22, 2010, at 1:30 p.m. before the Honorable Anthony W. Ishii, United States District Judge, in Courtroom No. 2, United States Courthouse, 2500 Tulare Street, Fresno, California, 93721.  In scheduling such motions, counsel shall comply with **Local Rules 78-230 and 56-260.**

**X.** **Pretrial Conference Date**

The pretrial conference is set for Friday, April 23, 2010 at 8:30 a.m. before the Honorable Anthony W. Ishii, United States District Judge, in Courtroom No. 2, United States Courthouse, 2500 Tulare Street, Fresno, California, 93721.

The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule 16-281(a)(2)**.  The parties are further ordered to submit **a digital copy of their Joint Pretrial Statement in WordPerfect X3[1] format, directly to Judge Ishii's chambers by email to**: awiorders@caed.uscourts.gov.

Counsels' attention is directed to **Local Rules 16-281 and 16-282** as to the obligations of counsel in preparing for the pretrial conference.  **The Court will insist upon strict compliance with those Rules**.

**XI.** **Trial Date**

The trial is set for Tuesday, June 8, 2010 at 8:30 a.m. before the Honorable Anthony W.

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

Ishii, United States District Judge, in Courtroom No. 2 at the United States Courthouse, 2500 Tulare Street, Fresno, California, 93721.

    **A.** This is a jury trial.

    **B.** Counsels' estimate of trial time: 7 to 10 days.

    **C.** Counsels' attention is directed to **Local Rule 16-285** pertaining to trial briefs.

    **XII.** **Settlement Conference**

A settlement conference is set for Thursday, November 12, 2009, at 10:00 a.m. before the assigned Magistrate Judge, at 1200 Truxtun Avenue, Suite 120, Bakersfield, California, 93301. Unless otherwise permitted in advance by the settlement conference Judge, **the attorneys who will try the case shall personally appear** at the settlement conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference. The parties are advised that the date, time, and location of settlement conference may change. The parties shall notify the Court no later than October 15, 2009, to confirm the date, time, and location of the settlement conference.

Permission for a party *[not attorney]* to attend by telephone may be granted by the settlement conference judge upon request, by letter, with a copy to the other parties, if the party lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, **the party must be *immediately* available throughout the conference, until excused, regardless of time zone differences**. Any other special arrangements desired in cases where settlement authority rests with a governing body shall also be proposed, in advance, by letter, and copied to all other parties.

    **XIII.** **Confidential Settlement Conference Statement**

A confidential settlement conference statement is **MANDATORY** and must be submitted to the settlement conference Judge's chambers **at least five (5) court days prior to the settlement**

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, or the like, shall be represented by a person or persons who occupy high executive positions in the party organization, and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

**conference**. The settlement conference statement may be delivered to the chambers in paper, or sent by e-mail. Failure to so comply may result in the imposition of monetary and/or other sanctions.

The confidential settlement conference statement **should not be filed or lodged** with the Clerk's Office and **should not be served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement conference statement shall include the following:

**A.** A brief statement of the facts of the case.

**B.** A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

**C.** A summary of the proceedings to date.

**D.** An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

**E.** The relief sought.

**F.** The party's position on settlement, including present demands and offers, and a history of past settlement discussions, offers, and demands.

**XIV. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable.

**XV. Related Cases Pending**

There are no related cases pending.

**XVI. Compliance with Federal Procedure**

The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules. To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is

to efficiently handle its increasing caseload. Sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules.

### XVII. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this scheduling order cannot be met, counsel are ordered to notify the court *immediately* of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations and, where appropriate, attach exhibits which establish good cause for granting the relief requested.

Failure to comply with this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **March 12, 2009**          **/s/ Theresa A. Goldner**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE