|  |  |
|---|---|
| MARIA LOPEZ, | Case No.: 1:08-cv-00889-AWI- BAK GSA |
| Plaintiff, | ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| WASCO STATE PRISON, et al., | ORDER DIRECTING PLAINTIFF TO FILE CALIFORNIA CODE OF CIVIL PROCEDURE § 377.32 AFFIDAVIT |
| Defendants. | ORDER DIRECTING PLAINTIFF TO SERVE THE NEWLY NAMED DEFENDANTS WITH DILIGENCE |
|  | (Doc. 44) |

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

This action is brought by Plaintiff Maria Lopez and it stems from the death of her son, Victor Lopez ("Decedent Victor") while he was an inmate at Wasco State Prison. This Court has jurisdiction over Plaintiff's civil rights action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue is appropriate pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the Fresno Division of the Eastern District of California.

**BACKGROUND**

On April 22, 2008, Plaintiff Maria Lopez filed a complaint in the California Superior Court for the County of Kern. The initial complaint named Wasco State Prison ("Defendant Wasco"), P. L. Vasquez ("Defendant Vasquez"), and Does 1 to 100 as Defendants. After being served with this complaint, on June 23, 2008, Defendant Vasquez removed the action to this Court.

On August 27, 2008, Plaintiff filed her First Amended Complaint (sometimes referred to as

1

"FAC"). That amended complaint names Defendant Wasco, the Department of Corrections ("Defendant CDC"), the State of California ("Defendant California"), Defendant P. L. Vasquez ("Defendant Vasquez"), Defendant Bradley Choate ("Defendant Choate"), and Does 1 through 100 as Defendants. The first cause of action alleges that all Defendants violated 42 U.S.C. § 1983 by being deliberately indifferent in violated of the Fifth and Fourteenth Amendments to the United States Constitution. The second cause of action alleges that Defendants Wasco, CDC, and California created dangerous conditions of public property based on the construction of Decedent Victor's cell. The third cause of action alleges that Defendant Vasquez and Does 1 through 100 abused and neglected Decedent Victor, a dependent adult, in violated of California Welfare and Institutions Code § 15600 by failing to provide reasonable medical care for Decedent Victor. The fourth cause of action alleges that Defendants Chavez and Choate violated California Government Code §§ 820 and 820.5 when they failed to administer life saving measures by continuing CPR. The fifth cause of action alleges that all individually named Defendants are liable for Decedent Victor's wrongful death in violation of California Civil Code § 377.60.

Since the filing of the First Amended Complaint, most of the named defendants have been dismissed or otherwise eliminated from the proceeding. On October 8, 2008, Defendant Wasco filed a motion to dismiss the action against it based on lack of subject matter jurisdiction. Defendant Wasco's claim rested on several grounds, including immunity under the Eleventh Amendment to the United States Constitution and the California Government Tort Claims Act. In a written stipulation filed with the court on November 17, 2008, Plaintiff and Defendants agreed that Wasco State Prison was the only intended public entity defendant named in the complaint and that all references to the State of California and/or to the California Department of Corrections and Rehabilitation as either a co-defendant or a defendant were deleted from the first amended complaint. On December 22, 2008, the court granted Defendant Wasco's motion to dismiss, ordering Defendant Wasco State Prison dismissed from the action with prejudice and without leave to amend. Several months later, on March 17, 2009, Plaintiff and Defendants Choate and Chavez entered into stipulation dismissing the action against Defendants Maria Chavez and Bradley Choate with prejudice. That became the order of this Court on March 20, 2009. Consequently, the only remaining named defendant in the action

was Defendant Vasquez.

That is not to say that certain aspects of Plaintiff's liability theories have remained stationary throughout this period. Over time, Plaintiff appears to have narrowed the focus of her attention/interest to those prison staff or affiliates responsible for monitoring the well-being of Decedent Victor while incarcerated. These responsibilities allegedly included, but were not limited to, the oversight and delivery of health care to Decedent Victor, encompassing in the scope of that duty a continuing attention to Decedent Victor's mental health assessment, supervision and intervention. As a result of this heightened interest in the acts and/or omission of the prison's health care staff and supervisory personnel, counsel for Plaintiff expressed his intention, during the course of several status conferences, to substitute in those individuals as named defendants when their identities became known through the discovery process. Evidence of this can be found in the Court's March 12, 2009 Amended Scheduling Order:

> Plaintiff's counsel has twice reported that he intends to amend the complaint to name additional Doe defendants, including at least one psychiatrist, and psychiatric nurses and psychiatric technicians. However, Plaintiff has failed to do so to date, and has failed to propound discovery in that regard. Accordingly, the Court will set a deadline for Plaintiff to file a motion or a stipulation to amend the complaint to name any additional defendants and to cause all remaining Doe defendants to be dismissed from this action. Plaintiff shall have to and including April 13, 2009, to file a motion or a stipulation to amend the complaint to name any additional defendants and to cause all remaining Doe defendants to be dismissed from this action.

(Doc. 39 at p. 3.)

On April 4, 2009, Plaintiff filed the instant motion, seeking to leave to file a second amended complaint naming five individuals in place of five previously identified Doe defendants.[1] The proposed named defendants were allegedly employed by the State of California and working at Wasco State Prison in the capacity of mental health providers at those times relevant to the causes of action for which Plaintiff seeks relief.

///

---

[1] The motion was erroneously entitled "Motion for Leave to File a First Amended Complaint." (Doc. 44, p. 1.)

**ALLEGATIONS OF COMPLAINTS**

A.      First Amended Complaint.

  The First Amended Complaint alleges the following operative facts. On November 20, 2006, Decedent Victor was received at Wasco State Prison from Ventura County as a parole violator returning to custody. He was single-celled because of his violent past behavior and was a participant in the Mental Health Delivery System at the Enhanced Outpatient level of care. On January 21, 2007, at about 11:10 a.m., the mental health staff examined Decedent Victor because he was displaying bizarre and unhygienic behavior. Thereafter, Decedent Victor was cleared for placement back into cell 228 on single-cell status. On January 22, 2007, at about 1:58 p.m., Floor Officer S. Thompson was making an initial security check of her assigned post. When she came to cell 228, she saw Decedent Victor hanging from the light fixture by his neck with what appeared to be a state-issued laundry bag. Officer Thompson activated the building's personal alarm system and verbally notified Control Officer A. LeMay about what she had found. Officers Pierce, Mack and Lopez responded to the scene, entering the cell, releasing the laundry bag, and carrying Decedent Victor out of his cell. Officer Pierce gave Decedent Victor immediate ventilation and Medical Technical Assistant M. Chavez began chest compressions. Decedent Victor was carried to the Correctional Treatment Center's Triage and Treatment Area by Officer Lopez, Choate, and Sergeant R. Figueroa. Medical Technical Assistants M. Chavez and Officer Choate did not continue CPR while Decedent Victor was being transported on the gurney to the Correctional Treatment Center's Triage and Treatment Areas. It took approximately 33 minutes, from 1:59 p.m. until 2:31 p.m., for Decedent Victor to be placed in an ambulance. Decedent Victor was transported to Delano Regional Medical Center, and at 3:00 p.m., Dr. Marcus Lee pronounced Decedent Victor dead.

  According to portions of the introductory and preliminary allegations of the First Amended Complaint, this action has been brought by Maria Lopez, as the successor in interest of Decedent Victor against Wasco State Prison, the Department of Corrections, the State of California, all charged with Decedent's care, and against its employed physicians, psychologists, psychiatrists, psychiatric technicians, licensed vocational nurses, registered nurses, and other staff based on five identified causes of action. (FAC, ¶ 4.) Plaintiff claims to succeed to these causes of action because there is no

personal representative of Decedent Victor's estate. (FAC, ¶ 5.) Plaintiff asserts (1) that she has executed and filed the affidavit required by California Code of Civil Procedure section 377.32 (FAC, ¶ 5); (2) that, as the mother of Decedent Victor, she is one of his heirs (FAC, ¶ 6); and (3) that she has fully complied with the Tort Claims Act (FAC, ¶ 1). In the claim for relief based upon Decedent Victor's allegedly wrongful death, Plaintiff also asserts that, prior to Decedent Victor's death, Decedent was a faithful and dutiful son[2] upon whom Plaintiff "depended ... for support and companionship" (FAC, ¶ 52) and that, because of Decedent's wrongful death, Plaintiff sustained pecuniary losses resulting from the loss of society, comfort, services and support of Decedent in an amount to be determined at trial. (FAC, ¶ 53).

Central to the issues before the Court in this motion seeking leave to amend are certain allegations in the First Amended Complaint relevant to Doe defendants. Plaintiff has named as defendants Does 1 through 100 in that complaint. Of particular importance here are the allegations stating that the true names and capacities of the Defendants named as DOES 1 through 100 are unknown to Plaintiff and are therefore sued as by fictitious names pursuant to the California Code of Civil Procedure section 474. Plaintiff asserts that she will amend the complaint to show their true names and capacities when they have been determined (FAC, ¶ 14) and that such persons are legally responsible in some fashion for the harm inflicted on Decedent Victor and the resulting damages suffered by Plaintiff. See FAC, ¶ ¶ 14-19. More specifically, in those portions of the First Amended Complaint that set forth the bases for Plaintiff's abuse and neglect of dependent adult and wrongful death claims, Plaintiff includes more tailored allegations targeting the involvement and responsibilities of the prison's mental health care staff in Decedent Victor's death. With respect to the claim for damages arising out of the alleged abuse/neglect of a dependent adult, Plaintiff alleges that Defendant Vasquez and Does 1 to 100 had a mandatory duty to care for Decedent and neglected him "by failing to care for and treat [his] suicidal ideation, by not engaging him, by not talking to him, by not providing him with the proper medication, by not carefully monitoring him[,] thereby letting

---

[2] The First Amended Complaint also alleges that, before his death, the decedent was a faithful and dutiful husband and father to his wife and his four sons who, in addition to Decedent's mother, also depended on the decedent for support and companionship. (FAC, ¶ 52.)

5

him commit suicide.  Further, they failed to give [him] his anti-depressant medication, and allowed him to have a laundry bag, which he used to hang himself."  (FAC, ¶ 44.)  Similarly, paragraph 47 of the First Amended Complaint charges that Defendant Vasquez and Does 1 to 100 committed neglect in a number of specific ways, all involving the mental health care (assessment, planning, intervention, supervision, and monitoring) of the Decedent while incarcerated at Wasco State Prison.  In the cause of action for wrongful death, Plaintiff realleges her earlier allegations and adds that Defendant "DOES 1 to 100 rendered professional services in the diagnosis, treatment, and care of Decedent. ... Defendants at a minimum [sic] negligently failed to exercise the proper degree of knowledge and skill in examining, diagnosing, treating, and caring for Decedent in that Decedent was caused to suffer the injuries and damages ... resulting in his death."  (FAC, ¶ 51.)

B.      Proposed Second Amended Complaint

The proposed Second Amended Complaint (sometimes referred to as "SAC") is quite similar in its charging allegations to those of the First Amended Complaint, although there are several changes relevant to the issues raised by this motion.  The SAC deletes two of the original five causes of action, i.e., the dangerous condition of public property and the negligence claim based on an alleged failure to discharge a mandatory duty.  It substantially alters paragraph 4 by deleting references to the public entity defendants, and the category of professional health care staff and now asserts, in pertinent part:

> Plaintiff ... allege[s] as follows ...: A. Kopp. MD [*sic*], a staff psychiatrist at Wasco; M. Tews, Ph.D., staff psychologist at Wasco; R. Joseph, MD [*sic*], a staff psychiatrist at Wasco; BT [*sic*] Early, PhD [*sic*], clinical psychologist; and J. Garewal, MD [*sic*], staff psychologist [*sic*] at Wasco were charged with the care of Decedent for violation of 42 U.S.C. § 1983, for neglect and abuse of a dependent adult and wrongful death, which were the proximate causes of Decedent's death.

(SAC, ¶ 4.)  The SAC also modifies paragraph 11 significantly, deleting the previous allegations pertained to the Department of Corrections and the State of California.  Its revised allegations now state that the named mental health professionals were at all times relevant to the complaint employed by the State of California and working at Wasco State Prison.  (SAC, ¶ 12.)  Paragraph 12 of the SAC reduces the number of Doe defendants from 1 through 100 to 1 through 95, apparently substituting in

6

the named defendants as the previously identified Does 96 to 100. In paragraph 18 (paragraph 20 in the FAC) under "Statement of Facts Common to all Causes," immediately after the first three sentences of the paragraph, Plaintiff adds:

> On November 26, 2006 Defendant [sic] A. Kopp, M.D., conducted a medical evaluation for a new arrival of Decedent. Defendant A. Kopp, M.D. left blank the sections for "Past Suicide History" and whether Decedent "Denied [sic] history of any past suicide attempt." It should be mentioned that in 2002 during an interview by two correctional officers, Decedent admitted to hitting himself in the head with rocks at the age of eight or ten. Furthermore, Decedent told the officers that he put a sheet around a light fixture, acting as though he were attempting to hand [sic] himself, because he wanted special attention not [sic] because he wanted to commit suicide. This information was absent from Dr. Kopp's report.

(SAC, ¶ 18.) The remaining allegations of SAC ¶ 18 are the same as the remaining allegations of its earlier counterpart, FAC ¶ 20.

With the exception of these alterations, the two complaints are virtually identical in their charging allegations. However, the captions of the two complaints differ significantly. The first amended complaint lists the defendants as "Wasco State Prison, L. P. Vasquez, Maria Chavez, Bradley Choate, and Does 1 to 100"; the proposed second amended complaint lists only A. Kopp, M.D., M. Tews, Ph.D., R. Joseph, MD [sic], BT [sic] Early, J. Garewal, MD [sic], and Does 1 through 100, inclusive, as defendants.

## DISCUSSION

Under Fed. R. Civ. P. 15(a), a plaintiff may amend her complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed. R. Civ. P. 15(a)(1); <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). However, once a responsive pleading has been filed, a party can only amend the pleading with either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Here, Defendant Vasquez has filed her answer to Plaintiff's First Amended Complaint. (Doc. 16.)

Fed. R. Civ. P. 15(a) provides that a court "should freely give leave [to amend ] when justice so requires." The United States Supreme Court has stated that

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously

>   allowed, undue prejudice to the opposing party by virtue of
>   allowance of the amendment, futility of amendment, etc. – the
>   leave sought should, as the rules require, "be freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962.)  This policy is "to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) [citations omitted].

Consistent with the guidelines contained in the Foman decision, the Ninth Circuit has identified four factors to examine when evaluating whether leave to amend should be given, including (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of the amendment.  Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1319 (9th Cir. 1984).  However, not all factors merit equal weight.  Eminence Capital, LLC, 316 F.3d at 1052.  It is the consideration of prejudice that carries the greatest weight.  Id.  Absent prejudice or a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend .  Id.

A.   Undue Prejudice to the Opposing Party.  As a preliminary matter, the Court notes that Defendant has not argued that allowing Plaintiff leave to file the proposed Second Amended Complaint will cause Defendant to suffer any prejudice.  The absence of such prejudice is compelling inasmuch as it is the consideration of prejudice, as noted immediately above, that carries the greatest weight in determining whether leave to amend should be granted.  Still, the Court recognizes that a strong showing of the presence of the other three factors will overcome the presumptive appropriateness of permitting Plaintiff to amend her pleadings.  And these other three factors are the considerations that Defendant asserts warrant a denial of the leave Plaintiff seeks.  Defendant argues that Plaintiff has unduly delayed bringing her motion for leave to amend; that Plaintiff's motion has not been brought in good faith; and that leave to amend the complaint as Plaintiff proposes would be futile.

B.   Undue Delay in Filing the Motion.  Defendant insists that Plaintiff has unduly delayed in seeking leave to amend her complaint to include the named mental health professional defendants, essentially asserting that Plaintiff knew for quite some time that mental health professionals were probably implicated, in some potentially significant fashion, in the sequence of events leading to Decedent Victor's death.  Despite this knowledge, Plaintiff did not actively pursue discovery efforts that would have led to an earlier identification of the names of these defendants, waiting instead,

rather passively, for that information to come to Plaintiff through the process of initial disclosure by Defendant under Federal Rule of Civil Procedure 26. Defendant argues that this combination amounts to something akin to having "sat on one's rights," a passivity that should be discouraged through denial of the requested leave.

Relevant to evaluating the delay issue is "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson v. Bank of Hawaii, 902 F.3d 1385, 1388 (9th Cir. 1990). Still, "[i]t is generally our policy to permit amendment with '*extreme liberality*' [emphasis added]. " Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002). And in exercising its discretion to permit or deny this request, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

The Court is not inclined to accept the Defendant's position on this issue. First, although it seems clear that Plaintiff could have secured some, if not all, of these names earlier in time had she been more diligent, any delay does not appear to be "undue." At the second scheduling conference, the Court clearly allowed Plaintiff until April 13, 2009 to file the amendment substituting named mental health care professional defendants for some of the earlier described Does and this is precisely what Plaintiff has done. Moreover, Plaintiff has done so before the expiration of the time period allowed by the Court. The Court's latitude in permitting some additional time within which to insert the names of Doe defendants mitigates strongly against a finding that Plaintiff *unduly* delayed bringing this motion to amend. Second, denial of the requested leave runs counter to the strong policy, embodied in Fed. R. Civ. P. 15(a), of deciding cases on their merits. Third, insertion of the actual names of defendants previously identified as Does, in these circumstances, is more technicality than substance. The same operative facts upon which liability is attributed to these five defendants have been alleged in each of the iterations of Plaintiff's two previous complaints, so there is no surprise here as to the acts or omissions that allegedly caused the harm involved in this action. No new theories of liability are added by the proposed complaint. In fact, the addition of actual names should assist in targeting and, perhaps, narrowing the focus of some important discovery efforts in the

litigation, expediting a resolution on the merits of the claims. And, fourth, leave to file a second amended complaint was sought less than 12 months after the original suit in this matter was filed in the state court. See Document 1, Exhibit A. The Ninth Circuit has held that in a 42 U.S.C. §1983 action arising in California, California's "Doe" pleading procedure is available to plaintiffs. Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); Cabrales v. County of Los Angeles, 864 F.2d 1454, 1463 (9th Cir. 1988), vacated on other grounds, 490 U.S. 1087, 109 S. Ct. 2425, 104 L. Ed. 2d 982 (1989). California Code of Civil Procedure sections 583.210(a) and 583.420(a)(1) govern dismissal of actions for delays in prosecution, rules that are applicable to actions against "Doe" defendants. See Clark v. Stabond Corporation, 197 Cal. App. 3d 50, 55, 242 Cal.Rptr. 676 (1987). At least by analogy, those rules provide some guidance to this Court in determining whether the lapse of time involved in bringing this motion constitutes undue delay. Using the parameters set forth in California Code of Civil Procedure section 583.420(a) as a measure of the permissible latitude in framing pleadings sufficient for prosecution of an action, a period of less than one year would not be grounds for even discretionary dismissal under California law. Under these circumstances, the Court cannot reasonably conclude that the delay in moving for leave to substitute named defendants for previously described Doe defendants was unduly long.

C.      Leave to Amend Not Made in Good Faith. Defendant argues that Plaintiff lacks good faith in seeking leave to substitute five named defendants for five Doe defendants (i.e., 96 to 100) because Plaintiff is identifying these defendants on the basis of Defendant's Rule 26 disclosures, disclosures that identify persons likely to have discoverable information. Defendant argues that naming persons identified as having discoverable information as defendants before doing more discovery to further narrow the parameters of potential liability – which is what Plaintiff proposes here in the second amended complaint – is tantamount to bad faith.[3] While it is true that having discoverable information is not the same as being legally liable, one does not necessarily exclude the other – a person who has knowledge about the operative facts may well be someone with some responsibility for the acts or omissions proximately causing the harm for which redress is sought. Discovery will

---

[3] Worth some note is the fact that Defendant does not cite the Court to any legal authority that would allow the Court to conclude such an absence of certainty equates to a showing of "bad faith."

separate the wheat from the chaff. It seems premature to eliminate the possibility of winnowing out critical components of responsibility at a relatively early stage in the litigation.

D.      Futility of Amendment.

Unless clearly futile, denial of leave to amend under Fed. R. Civ. P. § 15(a) is improper. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1487 (2d ed. 1990). "However, where the proposed amendment is insufficient in law and would thus be a useless act, ... leave to amend [may be properly denied] [citations omitted]." Baker v. Pacific Far East Lines, Inc., 415 F. Supp. 84, 89 (N. D. Cal. 1978).

> The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied. [Citation omitted.]

Id.

As mentioned earlier, the Second Amended Complaint sets forth three causes of action, a claim under 42 U.S.C. § 1983, a state wrongful death action, and an action for neglect/abuse of a dependent adult under California Welfare and Institutions Code section 15701.15. Defendant argues that the proposed amendments would be futile for two reasons: (1) Plaintiff has no standing, and (2) those who might otherwise have standing to bring these actions cannot do so because their claims are barred by the failure to comply with California Government Tort Claims Act. (Def. Opp., at p. 6.) Defendant does note that Plaintiff has brought this action both as an individual as well as in her capacity as a successor in interest of Decedent Victor. (SAC, ¶ 5.)

Defendant's standing argument boils down to this. Plaintiff's suit a survival action, i.e., a claim that belonged to the decedent arising prior to or contemporaneous with his death and that is subsequently prosecuted on his or her behalf. Defendant argues that survival actions under 42 U.S.C. § 1983 are permitted if authorized by state law and under those conditions imposed by state law, citing Moreland v. Las Vegas Metropolitan Police Dept., 159 F.3d 365, 369-370 (9th Cir. 1998). Defendant then asserts that California law does not permit Plaintiff to bring this survival action, citing California Code of Civil Procedure section 377.30 as the governing statute. It says that "[a] cause of

11

action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest." California law further defines "successor in interest" as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." California Code of Civil Procedure section 377.11.

The apparent flaw in this argument is the assumption Plaintiff has brought this action solely on behalf of decedent. There is much in the First Amended Complaint and in the proposed Second Amended Complaint to suggest that this is not a survival action, in the sense that the constitutional violations sought to be vindicated are personal only to the decedent. Plaintiff's individual (as opposed to representative) Section 1983 claim, as set forth in the SAC, frames the alleged injuries/infringements as ones affecting the constitutional interests and/or rights of both Plaintiff and Decedent Victor protected by the Fifth and Fourteenth Amendments. See SAC ¶¶ 21-26, 33. To the extent that Plaintiff thus claims redress for injuries to her own constitutional rights/interests that she may have suffered due to the harm allegedly inflicted on her deceased son, Plaintiff is not prosecuting a surviving cause of action belonging to someone whose injuries resulted in that same individual's death (i.e., California Code of Civil Procedure sections 377.30-377.35).[4] She is suing in her own right, asserting that she has been directly harmed – that she has suffered a constitutionally protected interest – by the loss of her son. "It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983" [citations omitted]." Toguchi, et al., v. Soon Hwang Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). See also Strandberg, et al., v. The City of Helena, et al., 791 F.2d 744, 748 (9th Cir. 1986); Lee, et al., v. City of Los Angeles, et al., 250 F.3d 668, 685; Moreland, 159 F.3d at p.371.

As such, Plaintiff brings what is essentially a personal injury action for harm she has suffered,

---

[4] The fact that a civil rights deprivation claim under § 1983 must be based upon the violation of plaintiff's personal rights and not the rights of someone else should not be confused with the separate issue of the general rule of standing in federal court. Given the similarities between the two, a tendency to confusion is understandable. The general rule of standing in federal court provides that a plaintiff must assert a violation of his/her own right and not that of a third party who is not before the court. See Martin A. Schwartz, Section 1983 Litigation: Claims and Defenses, Volume 1, Fourth Edition (2009) § 1.04[B].

and proceeds under California's wrongful death statutory scheme. That scheme is contained in California Code of Civil Procedure sections 377.60 through 377.62. Plaintiff is entitled to do so, given the authority conferred by Section 377.60 and the requisite allegations of loss of support contained in the Second Amended Complaint. Section 377.60 provides, in pertinent part:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:
> (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.
> (b) Whether or not qualified under subdivision (a), *if they were dependent on the decedent, ... the parents* [emphasis added].

Under this statute, a plaintiff does not necessarily have to be an heir of decedent under the laws of intestate succession in order to bring a wrongful death action under Code of Civil Procedure section 377.60. A parent of the decedent, if dependent upon the decedent, has standing to bring the action under the provisions of this statute. Moreover, none of the provisions of Article 6, Chapter 4 of Title 3 (wrongful death) of California's Code of Civil Procedure requires the filing of an affidavit *where the aggrieved party brings the suit in his or her own right* and where standing to do so is governed by Code of Civil Procedure section 377.60. Consequently, Defendant's argument that Plaintiff has no standing to bring this action under 42 U.S.C. § 1983 or under the California's wrongful death statute fails. She has standing to do so *as an individual*.

The Court is cognizant of the fact that Plaintiff is also seeking redress on behalf of her son for the deprivation of his constitutional rights. To the extent Plaintiff attempts to recover for the benefit of the Decedent Victor's estate, and those who would take a share of the estate through its administration and distribution, Defendant's standing argument takes on more substance. Acting in a representative capacity, Plaintiff is required to demonstrate her authority to do so through the filing of the affidavit described in California Code of Civil Procedure section 377.32. Still, Defendant's argument is not persuasive for some of the same reasons discussed immediately below in connection with Plaintiff's Dependent Adult/Elder Abuse and Neglect claim.

With regard to the cause of action Plaintiff alleges under California's Elder Abuse and

Dependent Adult Civil Protection Act, that statutory scheme clearly provides that

> ...[A]fter the death of the elder or dependent adult, the right to commence or maintain an action shall pass to the personal representative of the decedent. If there is no personal representative, the right to commence or maintain the action shall pass to any of the following, if the requirements of Section 377.32 of the Code of Civil Procedure are met:
> (A)   An intestate heir whose interest is affected by the action.
> (B)   The decedent's successor in interest, as defined in Section 377.11 of the Code of Civil Procedure.
> (C)   An interested person, as defined in Section 48 of the Probate Code, as limited in this subparagraph. As used in this subparagraph, "an interested person" does not include a creditor or a person who has a claim against the estate and who is not an heir or beneficiary of the estate.

California Welfare and Institutions Code section 15657.3, subdivision (d). Thus, a cause of action for dependent adult abuse or neglect commenced after the death of the vulnerable adult appears to be in the nature of a surviving cause of action brought on behalf of the decedent's interest. Standing is limited to (1) an intestate heir; (2) the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action (California Code of Civil Procedure section 377.11); or (3) an interested person as defined in California Probate Code section 48, except that it does not include someone who has a claim against the estate and who is not an heir or beneficiary of the estate.[5]

      Defendant argues that amendment of the complaint as proposed – assuming it allows Plaintiff to alter the charging allegations central to the dependent adult abuse/neglect claim – should not be permitted because it would be futile. Here, Defendant asserts that Plaintiff has no standing to do so, arguing that the docket sheet does not reflect the filing of the requisite affidavit. Even if Plaintiff were allowed to produce or file the affidavit, Plaintiff could not make the mandated showing, according to Defendant. Defendant relies on the allegations pled by Plaintiff to support this argument, pointing out that Plaintiff has stated (1) she is not the personal representative of the

---

[5] Probate Code section 48 provides:
(a) Subject to subdivision (b), "interested person" includes any of the following:
(1) An heir, devisee, child, spouse, creditor, beneficiary, and any other person having a property right in or claim against a trust estate or the estate of a decedent which may be affected by the proceeding.
(2) Any person having priority for appointment as personal representative.
(3) A fiduciary representing an interested person.
(b) The meaning of "interested person" as it relates to particular persons may vary from time to time and shall be determined according to the particular purposes of, and matter involved in, any proceeding.

decedent's estate; (2) she is Decedent Victor's mother; and (3) Decedent Victor was apparently survived by a wife and four sons. If Decedent Victor died intestate, California laws of succession would appear to exclude Plaintiff from taking any part of the decedent's estate as an heir. See California Probate Code sections 6400 et seq. Consequently, Defendant maintains, Plaintiff could not make the declaration required by California Code of Civil Procedure 377.32.

That conclusion may be too far a reach. Defendant assumes that Decedent did not die testate, a fact that has not been established or alleged within the pleadings. It does not address the possibility that Plaintiff might be an "interested person," as that term is used in California Welfare and Institutions Code section 15657.3(d)(1)(C), to the extent that Plaintiff might be entitled to some portion of a family allowance under California Probate Code section 6540(b)(2) and that such an allowance qualifies her as a beneficiary of the decedent's estate under California Code of Civil Procedure sections 377.10 et seq.[6] Moreover, it also ignores Plaintiff's allegation that she has filed the affidavit required by Code of Civil Procedure section 377.32 (SAC, ¶ 5; FAC, ¶ 5).[7] In deciding the issues in this motion, the Court assumes the well-pleaded factual allegations of the petition to be true. See 5B Wright, Miller & Kane, supra, § 1357 (3d ed. 2004); *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Therefore, the Court cannot deny Plaintiff leave to file her Second Amended Complaint on the ground that the amendment would clearly be futile, as argued by

---

[6] The Court mentions this only as a possibility, not necessarily as a viable theory.

[7] Defendant argues that Plaintiff has not, in fact, filed the requisite affidavit, pointing to this Court's docket entries in this matter. Defendant offers the Court no affidavits of her own as to the existence or non-existence of the filing, nor does she request the Court to take judicial notice of any documents. Defendant essentially seeks to prove a negative and that is certainly problematic. This Court can imagine circumstances under which a document may have actually been filed but still does not appear on the docket activity sheet. As is apparent, the Court does not know and will not conduct its own inquiry into this issue. In the absence of proof to the contrary, the allegations of the complaint are to be accepted as true.
  Having said that, the Court will condition the filing of the Second Amended Complaint on the production and lodging with this Court of the affidavit required by Code of Civil Procedure section 377.32. The claim asserted under the Elder/Dependent Adult Abuse and Neglect Act is a form of action belonging to the decedent that survives his or her death because state law allows it do so. See California Welfare and Institutions Code section 15657.3. Standing to bring such actions is described and defined in state law (see Moreland, 159 F.3d at pp.369-370) and California Welfare and Institutions Code section 15657.3(d)(1) clearly requires the execution and filing of the affidavit described in Code of Civil Procedure section 377.32. Plaintiff has alleged that such affidavit has been filed (SAC, ¶ 5). Requiring Plaintiff to "double check" the status of the filing or lodging of such documentation in this proceeding is clearly appropriate.

1  Defendant. It may be that further discovery will produce evidence to launch a successful challenge on
2  this basis, but that evidence is not before the Court today.
3  E.      Conditions under Which Leave to File Second Amended Complaint Is Granted.
4         Defendant correctly points out that the proposed Second Amended Complaint contains certain
5  allegations that are inconsistent with earlier orders of this Court. Additionally, there are several
6  misstatements or omissions clerical in nature. Defendant identifies these as follows:
7         1. The caption on the front of the proposed Second Amended Complaint incorrectly lists the
8  defendants presently involved in this action. Defendant P. L. Vasquez is not shown in the caption.
9         2. Paragraph 9 of the proposed Second Amended Complaint continues to identify (apparently)
10 Wasco State Prison, the California Department of Corrections, and the State of California as
11 defendants in this proceeding. Despite the previous dismissal of all of these public entities as
12 defendants (Docs. 25, 32, and 42), this allegation reappears improperly in the latest version of the
13 complaint. Moreover, inasmuch as there are no government entity defendants remaining in this
14 action, the reference to those defendants in paragraph 30 of the Second Amended Complaint is
15 incorrect and potentially misleading.
16        3. Plaintiff continues to include Doe defendants 1 through 95 in various places throughout the
17 Second Amended Complaint, contrary to this Court's earlier Amended Scheduling Order (Doc. 39).
18 That order required all Doe defendants to be specifically named by way of motion or stipulation by
19 April 13, 2009; otherwise, they were to be dismissed from the action. (Id. at p. 3.)
20        Defendant asks that these matters be corrected to conform to the present status of the parties to
21 the proceedings as well as to the earlier orders of this Court. Plaintiff has filed no reply to
22 Defendant's request, a decision that will be the basis of this Court's inference that Plaintiff does not
23 oppose making the requested corrections.
24        Fed. R. Civ. P. 15(a) gives the Court discretionary power "to impose conditions on the
25 allowance of a proposed amendment as an appropriate means of balancing the interests of the party
26 seeking the amendment and those of the party objecting to it."  6 Wright, Miller & Kane, supra, §
27 1486 (2d ed. 1990). Because Defendant's points are well-taken, the Court will condition its grant of
28 leave to Plaintiff to file a Second Amended Complaint essentially as follows:

1. Plaintiff's Second Amended Complaint – both in the body of the complaint (headings and individual paragraphs) and in its caption – must not contain any allegations pertaining to the existence of any remaining Doe defendants. This Court earlier imposed a deadline of April 13, 2009 by which Plaintiff must amend its complaint to name any identified Doe defendants "and ... cause all remaining Doe defendants to be dismissed from the action." (Doc. 39 at p.3.) In balancing the competing interests of the parties, as well as the public's interest in the expeditious prosecution of litigation pending before this Court, the most appropriate exercise of this Court's discretion in deciding the motion now before the Court demands that Does 1 through 96 be dismissed from this proceeding. Conditioning the filing of the Second Amended Complaint on the exclusion of any Doe defendants will essentially achieve that "dismissal."

2. The caption of the Second Amended Complaint must accurately reflect the identities of all the remaining defendants named in this action, and only those defendants.

3. Any and all allegations within the Second Amended Complaint that refer to or otherwise describe Wasco State Prison, the California Department of Corrections, and/or the State of California must strictly conform to the previous orders of this Court and the stipulations of the parties made in this proceeding with respect to the current status of these government entities as defendants.

4. If the Second Amended Complaint includes a claim for relief under 42 U.S.C. § 1983 brought by Plaintiff in a representative capacity or a claim for damages based on the alleged abuse or neglect of a dependent adult under California Welfare and Institutions Code sections 15600 et seq., the filing of the Second Amended Complaint is conditioned on Plaintiff's contemporaneous production and lodging with this Court of the affidavit required by Code of Civil Procedure section 377.32.

**CONCLUSION**

After considering those factors especially relevant to determining whether leave to file an amended pleading should be granted, i.e., undue delay, bad faith, prejudice to the opponent, and futility of the amendment, the Court finds that, on balance, there is not sufficient justification for denying Plaintiff's motion for leave to file the proposed Second Amended Complaint, to the extent that the proposed amendment substitutes five named defendants for five defendants previously

identified as Does. That said, other deficiencies in the proposed Second Amended Complaint require correction, and the filing of the Second Amended Complaint is granted contingent upon making those corrections. The Court will provide Plaintiff the opportunity to file a Second Amended Complaint curing the deficits identified by the Court in this Order, provided Plaintiff does so within twenty (20) days from the date of the service of this Order.

**ORDER**

Accordingly, it is ORDERED that:

1. Within twenty (20) days from the date of service of this Order, Plaintiff may file its Second Amended Complaint as proposed (Doc. 44, Exhibit 1), except that the proposed Second Amended Complaint must be corrected as follows:

   a. The caption, all headings, and/or all of the Second Amended Complaint's allegations must delete all references to, or descriptions of, any and all "Doe" defendants.

   b. The caption of the Second Amended Complaint must accurately reflect the identities of all the remaining defendants named in this action, and only those defendants.

   c. Any and all allegations within the Second Amended Complaint that refer to or otherwise describe Wasco State Prison, the California Department of Corrections, and/or the State of California must strictly conform to the previous orders of this Court and the stipulations of the parties made in this proceeding with respect to the current status of these government entities as defendants.

2. To the extent that Plaintiff's Second Amended Complaint includes a claim for relief under 42 U.S.C. § 1983 brought by Plaintiff in a representative capacity, or a claim for damages based on the alleged abuse or neglect of a dependent adult under California Welfare and Institutions Code sections 15600 et seq., Plaintiff must file with the Clerk of this Court, at the time of filing of Plaintiff's Second Amended Complaint, the affidavit required by California Code of Civil Procedure section 377.32, or a copy thereof.

3. Plaintiff is directed to review the Second Amended Complaint with great care prior to its presentation for filing to ensure that each and every one of these deficits is corrected as ordered herein.

4. Plaintiff shall serve a copy of its Second Amended Complaint, as corrected, as well as a copy of any accompanying affidavit, on Defendant within twenty (20) days from the date of service of this Order; and

5. Plaintiff shall serve a copy of its Second Amended Complaint and a copy of any accompanying affidavit with as much diligence as possible on the newly added Defendants.

IT IS SO ORDERED.

**Dated:  June 11, 2009**                  /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE