1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT FOR THE
9                   EASTERN DISTRICT OF CALIFORNIA
10
11   MARIA LOPEZ,                    )   1: 08-CV- 889 AWI BAK
                         Plaintiff,  )
12                                   )   MEMORANDUM OPINION AND
          v.                         )   ORDER GRANTING MOTIONS TO
13                                   )   DISMISS
     WASCO STATE PRISON,  P. L.      )
14   VAZQUEZ,, and DOES 1 to 100,    )   (Document #55 & #58)
                                     )
          Defendant.                 )
15   _____)
16

17        This action is brought by Plaintiff Maria Lopez, and it stems from the death of her son,

18   Victor Lopez ("Victor"), while he was an inmate at Wasco State Prison ("Wasco").  This court

19   has jurisdiction over Plaintiff's civil rights cause of action pursuant to 28 U.S.C. § 1331 and

20   supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367.

21   Venue is appropriate pursuant to 28 U.S.C. § 1391 because the events giving rise to this action

22   occurred in the Fresno Division of the Eastern District of California.

23                                 BACKGROUND

24        On April 22, 2008, Plaintiff Maria Lopez filed a complaint in the California Superior

25   Court for the County of Kern.  After being served with the complaint, on June 23, 2008,

26   Defendant Vazquez removed this action to this court.  On August 27, 2008, Plaintiff filed an

27   amended complaint.   On October 8, 2008, Defendant Wasco filed a motion to dismiss the

28   amended complaint.   On December 22, 2008, the court granted Defendant Wasco's motion to

dismiss and dismissed Defendant Wasco from this action based on Eleventh Amendment Immunity.

On June 30, 2009, Plaintiff filed a second amended complaint ("complaint").   Along with Vasquez, the complaint names A. Kopp, M.D.; M. Tews, Ph.D.;  R. Joseph, M.D.; BT Early, Ph.D; and Jagdeep Singh Garewal, M.D. as Defendants.   The first cause of action is brought under 42 U.S.C. § 1983 and alleges that Defendants were deliberately indifferent to Victor's rights.   The second cause of action alleges abuse and neglect of a dependent adult in violation of California Welfare and Institutions Code Section § 15600, *et seq*.   The third cause of action alleges wrongful death in violation of California Civil Procedure Code § 377.60.

On July 30, 2009, Defendant Vazquez filed a motion to dismiss.   Defendant Vazquez contends that Plaintiff's state law cause of action under the California Welfare and Institutions Code is barred by Plaintiff's failure to present that legal cause of action prior to bringing suit. Defendant Vazquez contends that no Section 1983 cause of action has been alleged as to Defendant Vazquez because Defendant Vazquez is only being named as a supervisor.   Finally, Defendant Vazquez contends that Plaintiff has failed to show that she has standing to bring a wrongful death claim.

On October 9, 2009, Defendant Kopp and Defendant Tews filed a motion to dismiss alleging the same grounds as Defendant Vazquez on the state law causes of action.   Defendant Kopp and Defendant Tews also contend that Plaintiff's Section 1983 cause of action fails to state a claim.

Plaintiff has not filed an opposition to either motion to dismiss.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6) a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside

1  Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th

2  Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all of the complaint's material

3  allegations of fact are taken as true, and the facts are construed in the light most favorable to the

4  non-moving party.  Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th  Cir. 2008);

5  Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The court must also assume that general

6  allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and

7  Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004).  However, the court is not required "to accept as

8  true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

9  inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v.

10  Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the

11  framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of

12  elements of a cause of action, supported by mere conclusory statements, do not suffice."

13  Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family

14  Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  As the Supreme Court has explained:

15  
16  
17  

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

18  

19  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, "a complaint must contain

20  sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

21  Iqbal, 129 S.Ct. at 1949.   "A claim has facial plausibility when the plaintiff pleads factual

22  content that allows the court draw the reasonable inference that the defendant is liable for the

23  misconduct alleged."  Iqbal, 129 S.Ct. at 1949.

24  
25  
26  

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . . .

27  

28                                                  3

Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**ALLEGED FACTS**

The complaint alleges that on November 20, 2006,  Victor was received at Wasco from Ventura County as a parole violator returning to custody.  The complaint alleges that Victor was single celled because of his violent past behavior.  The complaint alleges that Victor was a participant in the Mental Health Delivery System at the Enhanced Outpatient level of care.

The complaint alleges that on November 26, 2006, Defendant Kopp conducted a Medical Evaluation of a New Arrival on Victor.   The complaint alleges that Defendant Kopp left blank the sections in the form for Victor's "Past Suicide History" and whether Victor "Denied history of any past suicide attempt".

The complaint alleges that in 2002, during an interview by two correctional officers, Victor admitted to hitting himself in the head with rocks at the age of eight or ten.   The complaint alleges Victor also told the officers that he put a sheet around a light fixture, acting as though he were attempting to hang himself, because he wanted special attention and not because he wanted to commit suicide.   This information was absent from Defendant Kopp's report.

The complaint alleges that on January 21, 2007, at about 11:10. a.m., the mental health staff examined Victor because he was displaying bizarre and unhygienic behavior.   The amended complaint alleges that Victor was then cleared for placement back into cell 228 on single cell status.

The complaint alleges that on January 22, 2007, at about 1:58 p.m., Floor Officer S.

4

Thompson was making an initial security check of her assigned post.   The complaint alleges that when Officer Thompson came to cell 228 she saw Victor hanging from the light fixture by his neck with what appeared to be a state issued laundry bag.   The amended complaint alleges that Officer Thompson activated the building's personal alarm system and verbally notified Control Officer A. LeMay what she had found.   The amended complaint alleges that Officers Pierce, Mack, and Lopez responded.   The complaint alleges that the officers entered the cell and released the laundry bag and carried Victor out of his cell.   The complaint alleges that Officer Pierce gave immediate ventilation and Medical Technical Assistant M. Chavez began chest compressions.   The amended complaint alleges that Victor was taken to the Correctional Treatment Center's Triage and Treatment Area by Officer Lopez, Officer Choate, and Sergeant R. Figuaeroa.   The amended complaint alleges that Medical Technical Assistants M. Chavez and Officer Choate did not continue CPR while Victor was being transported on the gurney to the Correctional Treatment Center's Triage and Treatment Area.   The complaint also alleges that it took 33 minutes, from 1:58 p.m until 2:31 p.m., for Victor to be placed in an ambulance.

The complaint alleges that Victor was transported to Delano Regional Medical Center, and at 3:00 p.m., Dr. Marcus Lee pronounced Victor dead.

The complaint alleges that Victor suffered from mental disease, which restricted his ability to carry out normal activities and protect his rights.

The complaint alleges that Plaintiff is Victor's mother.   The complaint alleges Plaintiff is the successor in interest to Victor and succeeds in all causes of action because there is no personal representative of Victor's Estate.

The complaint alleges that Plaintiff fully complied with the California Tort Claims Act.

## DISCUSSION

### A.  Section 1983

The complaint alleges that Defendants violated both Victor's and Plaintiff's rights. Specifically, the complaint alleges that Defendants were deliberately indifferent to Victor's safety

5

1    and security by knowingly leaving him unattended and without support while he was depressed

2    and suicidal.   The complaint alleges that the Defendants' and others' acts and omissions were

3    done pursuant to customs and policies that were authorized, condoned, ratified, and carried out

4    by all the Defendants.   The complaint alleges that Victor was deprived of his rights under the

5    Fifth and Fourteenth Amendment.

6    ### *1.   Constitutional Basis for Plaintiff's Section 1983 Claim*

7    Preliminarily, the court notes that the complaint alleges Defendants' actions violated

8    Victor's rights under the Fifth Amendment and Fourteenth Amendment.   However, the legal

9    basis of Plaintiff Section 1983 cause of action -- Defendants' deliberate indifference to Victor's

10   safety and security -- is not protected by either the Fifth Amendment or the Due Process Clause

11   of the Fourteenth Amendment.   Thus, the first cause of action brought under Section 1983 fails

12   on its face and must be dismissed outright.

13   ### *2.  Eighth Amendment - Deliberate Indifference to Victor's Safety*

14   The court does note that the Eighth Amendment protects prisoners from deliberate

15   indifference to their health and safety.   The Eighth Amendment protects prisoners against cruel

16   and unusual punishment if prison conditions involve "the wanton and unnecessary infliction of

17   pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).   Although prison conditions may be

18   restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter,

19   sanitation, medical care, and personal safety.   Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

20   2000).   The Eighth Amendment is violated if a prison official is deliberately indifferent to a

21   prisoner's serious medical needs.   Estelle v. Gamble, 429 U.S. 97 (1976).   To establish a

22   violation of the Eighth Amendment with respect to medical care, a prisoner must satisfy both the

23   objective and subjective components of a two-part test.   Farmer v. Brennan, 511 U.S. 825, 834

24   (1994).   "First, the plaintiff must show a serious medical need by demonstrating that failure to

25   treat a prisoner's condition could result in further significant injury or the unnecessary and

26   wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need

27

28                                                    6

1   was deliberately indifferent."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  "Deliberate

2   indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

3   Thus, to the extent Plaintiff believes that Defendants were deliberately indifferent to Victor's

4   serious mental health needs, Plaintiff must allege a violation of the Eighth Amendment, not the

5   Fifth Amendment.

6              ***3.  Plaintiff's Standing to Assert Violations of Victor's Constitutional Rights***

7          In Section 1983 actions the survivor of an individual killed as a result of a constitutional

8   violation may assert a Section 1983 claim on the decedent's behalf if the relevant state's law

9   authorizes a survival action.  42 U.S.C. § 1988(a);  Tatum v. City & County of San Francisco,

10  441 F.3d 1090, 1093 n. 2 (9th Cir. 2006); Smith v. City of Fontana, 818 F.2d 1411, 1416-17 (9th

11  Cir. 1987). The party seeking to bring a survival action bears the burden of demonstrating that a

12  particular state's law authorizes a survival action and that the plaintiff meets that state's

13  requirements for bringing a survival action.  Moreland v. Las Vegas Metropolitan Police Dept.,

14  159 F.3d 365, 369 (9th Cir. 1998).  California Code of Civil Procedure § 377.20 provides that a

15  cause of action survives a person's death even when the loss or damage occurred simultaneously

16  with the death of a person.   A survivor cause of action is a "cause of action which belonged to

17  the decedent before death but, by statute, survives that event." Quiroz v. Seventh Ave. Ctr., 140

18  Cal.App.4th 1256, 1264 (2006).   Here, the alleged violations of Victor's constitutional rights

19  accrued before and during his death and California law authorizes such a survival action by

20  Victor's estate.   Thus, a survival action for Defendants' alleged violations of Victor's

21  constitutional rights is available to Victor's estate.

22         Defendants appear to contend that Plaintiff does not meet California's requirements to

23  have standing to bring a survival action.  California Code of Civil Procedure § 377.30 states that

24  a cause of action that survives the death of the person may be commenced by the decedent's

25  personal representative or, if none, by the decedent's successor in interest.   California Code of

26  Civil Procedure § 377.11 provides that a "'decedent's successor in interest' means the beneficiary

27

28                                                    7

of the decedent's estate or other successor in interest who succeeds to a cause of action or to a

particular item of the property that is the subject of a cause of action."   Under California law, an

estate passes to (1) a decedent's surviving spouse or surviving domestic partner; or (2) if there is

no surviving spouse or domestic partner, the decedent's children, and (3) if there are no children,

the decedent's parents.  Cal. Prob. Code § 6402.

Plaintiff does not claim to be an administer of Victor's estate; Plaintiff contends she is

Victor's successor in interest.   As such, the issue is whether Plaintiff is Victor's successor in

interest.   In a declaration filed along with the complaint, Plaintiff states that no proceeding is

pending for the administration of Victor's estate.   Plaintiff further states:

> I am the successor in interest, as defined in Section 377.11 of the California Code
> of Civil Procedure, and succeed to VICTOR LOPEZ's interest in this action.
> VICTOR was never married and had no children.

The complaint also states on page two that Plaintiff is Victor's successor in interest.  At first

glance, it appears that both Plaintiff's declaration and page two of the complaint resolve the issue

of whether Plaintiff is a successor in interest who can sue on behalf of Victor's estate.

However, the complaint's later allegations completely confuse the issue.   Page eleven of the

complaint states that prior to Victor's death, Victor lived with Plaintiff, Victor's wife, and

Victor's four sons.   Page eleven further states that Victor "was a faithful and dutiful father and

husband and son to Plaintiff, who depended on him for support and companionship."   These

allegations contradict Plaintiff's declaration attached to the complaint.   This contradiction makes

it unclear whether Victor has a surviving wife and children, and if they, rather than Plaintiff, are

the successors in interest to Victor's estate.   If Plaintiff is not the successor in interest, Plaintiff

does not have standing to assert a violation of Victor's constitutional rights under Section 1983.

Given the ambiguity in the complaint and attached declaration, the court has no choice but to

dismiss the complaint and grant Plaintiff leave to file an amended complaint in which she

clarifies the presence of Victor's wife and children and whether she is a successor in interest to

Victor's estate.

1    **_4. Defendant Vasquez_**

2        Defendant Vasquez contends that the amended complaint does not sufficiently link

3    Defendant Vasquez to any alleged constitutional violations to support a claim under 42 U.S.C. §

4    1983.   Defendant Vasquez contends that she is entitled to dismissal because her position as the

5    Prison Director of Wasco State Prison does not provide a sufficient basis for liability under

6    Section 1983.

7        To prevail on any Section 1983 claim, a plaintiff must demonstrate that he or she suffered

8    a specific injury as a result of specific conduct of a defendant and show an affirmative link

9    between the injury and the conduct of that defendant.   Rizzo v. Goode, 423 U.S. 362, 371-72

10   (1976).   The Supreme Court recently emphasized that the term "supervisory liability," loosely

11   and commonly used by courts and litigants alike, is a misnomer.   Ashcroft v. Iqbal, – U.S. – 129

12   S.Ct. 1937, 1949 (2009).   Supervisory personnel are generally not liable under Section 1983 for

13   the actions of their employees under a theory of respondeat superior.   Id. at 1948; Taylor v. List,

14   880 F.2d 1040, 1045 (9th Cir. 1989).   "[A] plaintiff must plead that each Government-official

15   defendant, through the official's own individual actions, has violated the constitution."   Iqbal,

16   129 S.Ct. at 1948.   A supervisory defendant cannot be held liable based on his or her knowledge

17   and acquiescence in a subordinate's unconstitutional conduct because government officials,

18   regardless of their title, can only be held liable under Section 1983 for his or her own conduct

19   and not the conduct of others. Iqbal, 129 S.Ct. at 1949.

20       The plaintiff in Iqbal, a Pakistani Muslim man, was arrested and detained in the days

21   following the attacks of September 11, 2001.   Iqbal,129 S.Ct. at 1942.   The plaintiff alleged he

22   had been subjected to "harsh conditions of confinement on account of his race, religion, or

23   national origin" by former Attorney General of the United States John Ashcroft and Federal

24   Bureau of Investigation ("FBI") Director Robert Mueller because they had authorized an

25   unconstitutional detention policy.   Id.   The Supreme Court found that these allegations failed to

26   state a claim.   The Supreme Court explained that "bare assertions . . . amount[ing] to nothing

27

28                                                9

more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth. Id. at 1951 (quoting Twombly, 550 U.S. at 555).   The Supreme Court stated that the court should not discount such allegations because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion-even if that conclusion is cast in the form of a factual allegation. Id. 129 S.Ct. at 1951.  Thus, in Iqbal, the Supreme Court assigned no weight to the plaintiff's conclusory allegation that former Attorney General Ashcroft and FBI Director Mueller knowingly and willfully subjected him to harsh conditions of confinement "solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." Id. (quoting plaintiff's complaint).

Here, the complaint contains only legal conclusions about Defendant Vasquez's liability. It is unclear what Defendant Vasquez's role was in the alleged constitutional violation other than Defendant Vasquez's status as the Prison Director of Wasco.    The complaint alleges that "Defendants", presumably including Defendant Vasquez, maintained or permitted an official policy or pattern and practice of permitting the occurrence of the types of wrongs set forth in the complaint.    The complaint also alleges that "Defendants" failed to properly supervise, hire, and train employees regarding medical treatment and evaluation.    The court finds that these allegations are too similar to those allegations found deficient in Iqbal.    General allegations that Defendant Vasquez had a policy and practice that caused the other Defendants to provide inadequate medical treatment of patients without further information fails to state a claim for liability against Defendant Vasquez.  Thus, the complaint does not state a Section 1983 cause of action against Defendant Vasquez.

### 5. Leave to Amend

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal

1   quotation marks omitted).  Here, the court cannot find at this time that amendment would be

2   futile.   The court reminds Plaintiff that Section 1983 plainly requires that there be an actual

3   connection or link between the actions of the defendants and the deprivation alleged to have been

4   suffered by plaintiff.   Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v.

5   Goode, 423 U.S. 362 (1976).   Plaintiff must demonstrate that each defendant personally

6   participated in the constitutional deprivation.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

7   2002).   Thus, in any amended complaint, Plaintiff must link each named defendant with some

8   affirmative act or omission that demonstrates a violation of the Constitution.

9          The court recognizes that during the prior motion to amend, the Magistrate Judge advised

10  Plaintiff of her need to clarify her ability to file both a survivor action and wrongful death action

11  in any amended complaint; Yet, Plaintiff's standing to file such actions remains unclear.  As the

12  court is already giving leave to amend to allege deliberate indifference, Plaintiff will be given

13  one last chance to state her standing to sue for violations of Victor's constitutional rights.

14  Plaintiff is advised that any amended complaint that includes such causes of action must be based

15  upon a well-founded belief that a cognizable or arguable legal theory exists that would support

16  such a theory.  See Fed. R. Civ. P. 11 (allowing sanctions to be awarded when litigant asserts

17  frivolous legal theory); Les Shockley Racing Inc. v. National Hot Rod Ass'n, 884 F. 2d 504, 510

18  (9th Cir. 1989) (defining legal argument as frivolous if "at time of filing, a competent attorney

19  after a reasonable investigation could not have determined that a well-founded basis in fact or

20  in law or a good faith argument for extension of law supported the filing").

21         Any amended complaint shall be filed within thirty days.   Plaintiff is forewarned that

22  failure to file an amended complaint will result in dismissal of this action.

23  **B.  California's Tort Claims Act**

24         Defendants contend that Plaintiff's second cause of action, brought pursuant to California

25  Welfare and Institutions Code, for abuse and neglect of a dependent adult is barred because this

26  claim was not raised in the claim Plaintiff filed pursuant to the California Tort Claims Act.

27

28                                              11

1    The California Tort Claims Act ("CTCA") requires that a tort claim against a public

2    entity or its employees be presented to the California Victim Compensation and Government

3    Claims Board, formerly known as the State Board of Control, no more than six months after the

4    cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.   Presentation

5    of a written claim and action on or rejection of the claim are conditions precedent to suit.  State

6    v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004); see also Mangold v.

7    California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against

8    a public employee, a plaintiff must allege compliance with the CTCA.  Bodde, 32 Cal.4th at

9    1245.

10   Plaintiff filed a claim pursuant to the CTCA.   The court takes judicial notice of the

11   contents of this claim.

12   Defendants contend that Plaintiff's second cause of action for dependent adult abuse

13   pursuant to the Dependent Adult Act focuses on an entirely new cause of action not covered by

14   Plaintiff's claim to the California Victim Compensation and Government Claims Board.   A

15   claim must provide the date, place, and other circumstances of the occurrence that gave rise to

16   the claim asserted and provide a "general description of the . . . injury, damage or loss incurred so

17   far as it may be known at the time of presentation."  Cal. Gov't Code § 910;[1] Stockett, 34 Cal.4th

18   at 445.  The purpose of the CTCA is not "to prevent surprise," rather it is intended to "provide

19   the public entity sufficient information to enable it to adequately investigate claims and to settle

20   _____

21   [1]Cal. Gov't Code § 910 reads:

22   A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:
     (a) The name and post office address of the claimant.

23   (b) The post office address to which the person presenting the claim desires notices to be sent.
     (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.

24   (d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known
     at the time of presentation of the claim.

25   (e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.
     (f) The amount claimed if it totals less than ten thousand dollars ($ 10,000) as of the date of presentation of the

26   claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the
     time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount

27   claimed exceeds ten thousand dollars ($ 10,000), no dollar amount shall be included in the claim. However, it shall
     indicate whether the claim would be a limited civil case.

28                                             12

them, if appropriate, without the expense of litigation." <u>City of San Jose v. Superior Court</u>, 12 Cal. 3d 447, 455 (1974); <u>see also</u> <u>Stockett v. Assoc. of California Water Agencies Joint Powers Ins. Auth.</u>, 34 Cal.4th 441, 446 (2004).  Because the CTCA is designed to give a public entity "notice sufficient for it to investigate and evaluate the claim . . . the statute should not be applied to snare the unwary where its purpose is satisfied," and the "claim need not contain the detail and specificity required of the pleading, but need only fairly describe what the entity is alleged to have done." <u>Stockett</u>, 34 Cal.4th at 446.  If a plaintiff relies on more than one cause of action, "each cause of action must have been reflected in a timely claim.  In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint." <u>Dixon v. City of Livermore</u>, 127 Cal.App.4th 32, 40 (2005); <u>see also</u> <u>Stockett</u>, 34 Cal.4th at 447.  A complaint is subject to dismissal if it alleges a factual basis for recovery that is not fairly reflected in the written claim.  <u>Stockett</u>, 34 Cal.4th at 447.  However, the facts alleged in the claim and complaint do not have to be identical.   As the California Supreme court has recently explained:

> The claim, however, need not specify each particular act or omission later proven to have caused the injury.  A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an "entirely different set of facts."  Only where there has been a "complete shift of allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim" have courts generally found the complaint barred.  Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint.

<u>Id.</u>; <u>see also</u> <u>Dixon</u>, 127 Cal.App.4th at 40; <u>White v. Superior Court</u>, 225 Cal.App.3d 1505, 1510-11 (1990).

Plaintiff's claim alleged that, prior to incarceration, Victor was on anti-depressant medication and had been seen by a mental health professional.   The claim further alleged that Victor had been seen by members of Wasco's mental health staff.   The claim alleged Victor had been displaying bizarre and unhygienic behavior, but he had been cleared for placement back into

his cell one day prior to the incident.   The claim questioned why someone who had just been seen the day before his death for bizarre and unhygienic behavior had a laundry bag in his possession.   The claim concluded by asserting Defendants were negligent for failing to continue CPR, providing Victor with a laundry bag, and failing to administer anti-depressant medication.

The current complaint alleges a negligence cause of action and a cause of action under the Dependent Adult Act.   This is not the case where Plaintiff has simply added additional facts to the complaint not alleged in the claim.   To the contrary, the complaint's facts and claim's facts substantially overlap.   In the complaint, Plaintiff continues to allege that Defendants were liable for not giving Victor proper medication, not treating his suicidal ideation, and providing him with laundry bag.   The problem in this case is that the complaint adds an entirely new cause of action.   Instead of only alleging negligence in the complaint, Plaintiff now alleges a new cause of action for abuse of a dependent adult.   Additional causes of action need to be separately presented in a claim under Section 945.4.   <u>See</u> <u>Stockett</u>, 34 Cal.4th at 447 ("While Stockett's claim did not specifically assert his termination violated the public policies favoring free speech and opposition to public employee conflicts of interest, these theories do not represent additional causes of action and hence need not be separately presented under section 945.4.")   If a plaintiff relies on more than one cause of action, each cause of action must have been reflected in a timely claim.   <u>Dixon</u>, 127 Cal.App.4th at 42; <u>Fall River Joint Unified School Dist. v. Superior Court</u>, 206 Cal.App.3d 431, 434 (1988).

In the complaint, Plaintiff is seeking to impose liability for abuse under the Dependent Adult Act.   Such a cause of action is not included in the negligence allegations present in Plaintiff's claim.   As explained more fully by Defendants, negligence is not included within the scope of the Dependent Adult Act.   Cal. Welf. & Inst. Code § 15657.2; <u>Sababin v. Superior Court</u>, 144 Cal.App.4th 81, 88 (2006).   Thus, given the statutory scheme and the purpose of the CTCA, Plaintiff should have filed a separate tort claim concerning her Dependent Adult Act cause of action.   Because she did not, this cause of action must be dismissed.

14

1    As discussed above, when dismissing a complaint, the court should grant leave to amend

2    unless the court determines that the pleading could not possibly be cured by the allegation of

3    other facts.  Bly-Magee, 236 F.3d at 1019.   It is now too late for Plaintiff to present another

4    claim under the CTCA that alleges Victor's death violated the Dependent Adult Act.   Plaintiff

5    had six months from the date of Victor's death to file such a claim, and that time has now passed.

6    See Cal. Gov't Code § 911.2.  Thus, Plaintiff's second cause of action will be dismissed without

7    leave to amend.

8    **C.  Standing for Wrongful Death**

9    While not directly addressed by Defendants, the court notes that Plaintiff's third cause of

10   action is for wrongful death.  There are two types of actions that may proceed concerning a

11   decedent -- survival actions and a wrongful death action.   As discussed above, a survival action

12   is a personal injury action that survives to permit a decedent's estate to recover damages that

13   would have been personally awarded to the decedent had he survived. Cal. Civ. Pro. Code §§

14   377.20, 377.30 . In contrast, a wrongful death action is an independent claim for damages

15   personally suffered by a decedent's heirs as a result of the decedent's death. Cal. Civ. Pro. Code

16   § 377.60.   A wrongful death claim is a remedy governed by statute.   Frazier v. Velkura, 91

17   Cal.App.4th 942, 945 (2001).   The statutory right to bring a wrongful death action in California

18   "is grounded in the right to inherit from the decedent . . . [and] the purpose behind the wrongful

19   death statute is to provide compensation for the loss of companionship and other losses resulting

20   from decedent's death." Cheyanna M. v. A.C. Nielsen Co., 66 Cal.App.4th 855, 864 (1998).

21   Standing to sue for wrongful death is governed by California Code of Civil Procedure §

22   377.60, and the category of persons eligible to bring wrongful death actions is strictly construed.

23   Cal. Code Civ. Pro. § 377.60; Steed v. Imperial Airlines, 12 Cal.3d 115, 119-20 (1974); Bouley

24   v. Long Beach Memorial Medical Center, 127 Cal.App.4th 601, 606 (2005).  A plaintiff who

25   brings a wrongful death suit as an heir must establish the absence of a spouse or issue by the

26   decedent and the entitlement or propriety of the heir to seek recovery under § 377.60, i.e. that the

27

28                                                    15

heir actually has standing under § 377.60.  See Nelson v. County of Los Angeles, 113

Cal.App.4th 783, 789 (2004); Coats v. K-Mart Corp., 215 Cal.App.3d 961, 969-70 (1989).

Section 377.60(a) gives standing to "heirs" if those persons "'would be entitled to the property of

the decedent by intestate succession,' but only 'if there is no surviving issue of the decedent.'"

Chavez, 91 Cal.App.4th at 1440 (quoting Cal. Code Civ. Pro. § 377.60(a)).  A decedent's parents

become heirs under the wrongful death statute when there is no surviving spouse or issue.  Cal.

Code Civ. Pro. § 377.60(a); Cal. Prob. Code, § 6402(b); Chavez, 91 Cal.App.4th at 1440.  Where

a decedent leaves issue, "his parents would not be his heirs at all and therefore not entitled to

maintain [a wrongful death] action at all." Chavez, 91 Cal.App.4th at 1440; Jolley v. Clemens,

28 Cal. App. 2d 55, 74 (1938).  However, "[r]egardless of their status as heirs, parents may sue

for the wrongful death of their child 'if they were dependent on the decedent.'"  Chavez, 91

Cal.App.4th at 1440 (quoting Code Civ. Pro. § 377.60(b)); see also Foster v. City of Fresno, 392

F.Supp.2d 1140, 1146 (E.D. Cal. 2005).  "'Dependence' refers to financial rather than emotional

dependency . . . [and] a parent 'must show that they were actually dependent, to some extent,

upon the decedent for the necessaries of life.'"  Foster, 392 F.Supp.2d at 1146; Chavez, 91

Cal.App.4th at 1445.

     As discussed above, the complaint offers conflicting allegations concerning whether

Plaintiff is Victor's heir.   If Plaintiff is Victor's heir because he had no wife or children, Plaintiff

as Victor's mother has standing to bring a wrongful death action.   However, if Victor had a wife

or children, Plaintiff only has standing if she can assert financial dependance on Victor.

Because the complaint's allegations are inconsistent, leave to amend will be given.

## ORDER

     Based on the above memorandum opinion, the court ORDERS that:

1.     Defendants' motions to dismiss are GRANTED;

2.     The first cause of action, brought under Section 1983, and the third cause of

     action for wrongful death are DISMISSED with leave to amend;

16

3.   The second cause of action for violations of the Dependent Adult Act is

DISMISSED without leave to amend;

4.   Any amended complaint SHALL BE FILED within thirty days of this order's date

of service; and

5.   Plaintiff is forewarned that failure to file an amended complaint within thirty days

that complies with this order will result in dismissal of the entire action.

IT IS SO ORDERED.

**Dated:**   **December 15, 2009**          /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE

17