1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIA LOPEZ,**        ) <br>          **Plaintiff**,   ) <br>                ) <br>   **v.**                 ) <br>                ) <br> **WASCO STATE PRISON,  P. L.**  ) <br> **VAZQUEZ,, and DOES 1 to 100**,  ) <br>                ) <br>        **Defendant**.    ) <br> _____ ) | **1: 08-CV- 889 AWI JLT** <br><br> **ORDER DISMISSING ACTION** |

## BACKGROUND

This action is brought by Plaintiff Maria Lopez, and it stems from the death of her son, Victor Lopez ("Victor"), while he was an inmate at Wasco State Prison ("Wasco").   On June 30, 2009, Plaintiff filed a second amended complaint ("complaint").   The complaint names Vazquez, A. Kopp, M.D.; M. Tews, Ph.D.;  R. Joseph, M.D.; BT Early, Ph.D; and Jagdeep Singh Garewal, M.D. as Defendants.   On December 15, 2009, the court granted the Defendants' motions to dismiss the complaint and dismissed the complaint.   The court ordered that any amended complaint be filed by January 19, 2010.

No amended complaint has been filed.

## LEGAL STANDARD

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992).   In determining whether to dismiss an action for lack of prosecution the court must

consider several factors "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).   "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"   In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

## DISCUSSION

The court finds that dismissal for Plaintiff's failure to prosecute is appropriate in this action.   "The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending in this court for over a year and a half.   No operative pleading is no file.   The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate her case.  The court's limited resources must be spent on cases in which the litigants are actually proceeding.   Thus, both the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."   Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991. However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.   Pagtalunan, 291 F.3d at 642.   Here, Defendants' January 20, 2010 status report requests that this action be dismissed.  Because Defendants do not appear to have any remaining interest in litigating this action, any risk of prejudice to Defendants is absent.

As for the availability of lesser sanctions, there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary

2

expenditure of its scare resources.   The court's warning "that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." In re PPA, 460 F.3d at 1229; Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001).  Here, Plaintiff has been warned that dismissal for lack of prosecution would result if an amended complaint was not filed.   The availability of less drastic sanctions has been considered, but given that Plaintiff did not comply with the court's order to file an amended complaint, the court has no effective sanction but to close the case.

Finally, because public policy favors disposition on the merits, this factor normally weighs against dismissal.  Pagtalunan, 291 F.3d at 643.   "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.  Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re PPA,  460 F.3d at 1228.   The court finds this factor has little weight in an action such as this one where the Plaintiff has essentially abandoned the case.   Thus, the court finds that dismissal is appropriate in this action.

## ORDER

Accordingly, the court ORDERS that:

1.      This action is DISMISSED; and

2.      The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:    January 25, 2010                          /s/ Anthony W. Ishii**
                                                CHIEF UNITED STATES DISTRICT JUDGE

3